UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KEVIN P. DOWNEY,

                Plaintiff,                            No.: 1:16-CV-1689 (JMF)

- against -                                     **MEMORANDUM OF LAW**
                                                          **IN SUPPORT OF MOTION**
ADLOOX INC. AND ADLOOX,               **TO DISMISS THE SECOND**
                                                            **<u>AMENDED COMPLAINT</u>**

                Defendants.
-----------------------------------------------------------------x

## PRELIMINARY STATEMENT

Plaintiff Kevin P. Downey ("Downey") commenced this action on March 3, 2016 by filing a Complaint in the United States District Court for the Southern District of New York. (Doc. 1). Downey filed his Amended Complaint on April 6, 2016. (Doc. 8). After Defendant Adloox Inc. ("Adloox US") filed a Motion to Dismiss the Amended Complaint on June 16, 2016 (Doc. 25), Downey filed his Second Amended Complaint on July 6, 2016, pursuant to Court Order. (Doc. 26). Downey alleges that his former employer, Adloox US, and an entity he describes as "Adloox, a French corporation," of which he alleges Adloox US is a "wholly owned subsidiary" ("Adloox France") subjected him to unlawful discrimination on account of his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; the New York Human Rights Law ("NYSHRL"), N.Y. Executive Law, §§ 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code, §§ 8-101 *et seq.*, subjected him to fraudulent inducement under New York common law, and benefitted from unjust enrichment under New York common law. Defendant Adloox US[1] now moves pursuant to

---

[1] Although counsel for Adloox US is likely to represent Adloox France should that Defendant be adequately served with process pursuant to this suit, at the current time, as evidenced by the docket,

Fed. R. Civ. P. 12 for an order dismissing the Second Amended Complaint in its entirety for lack

of jurisdiction and failure to state a claim.

## BACKGROUND INFORMATION

Adloox France and Adloox US are ad verification and brand protection companies

engaged in developing and distributing technology to ensure that online advertising appears on

intended sites and reaches its targeted audience. Downey was hired by Adloox US as VP of Sales

North America to begin work on September 7, 2015. *See* Declaration of Bruce E. Menken

("Menken Decl."), Exhibit A (Declaration of Anthony Dufoi) ("Dufoi Decl.") at ¶ 5. Downey

was hired pursuant to an at-will employment agreement, which provided that either party to the

agreement could terminate his employment "at any time, for any reason, with or without cause."

*Id.* at ¶ 6. Pursuant to this clause, Adloox US terminated Downey's employment for

underperformance on October 30, 2015. *Id.* at ¶ 20. After Downey filed a Charge of

Discrimination with the Equal Employment Opportunity Commission ("EEOC") pursuant to the

ADEA, the EEOC declined to make a finding of reasonable cause to believe Defendants had

discriminated against Downey based on his age and advised him of his right to pursue his claim

in federal court on February 10, 2016. (Doc. 8-1).

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Fed. R. Civ. P. 12, a court must accept the factual

allegations contained in the plaintiff's complaint and draw all reasonable inferences in the

plaintiff's favor. *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 145 (2d Cir. 2002);

---

Downey has not demonstrated proper service of any of the three Complaints on Adloox France.
Regardless, however, because the dismissal of this case as to the American subsidiary precludes liability
on the part of the French parent, based on the arguments and evidence presented herein, Adloox US asks
that the Court dismiss the Second Amended Complaint in its entirety, with prejudice.

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2), the plaintiff bears the burden of proving that subject-matter and personal jurisdiction exist. *Makarova*, 201 F.3d at 113; *Credit Lyonnais Secs. (USA) v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999); *Metropolitan Life Ins. v. Robertson Ceco Corp.*, 84 F.3d 560, 56-567 (2d Cir. 1996). Further, the Court may refer to evidence and materials outside of the pleadings, and may take judicial notice of public records, without converting the motion to one for summary judgment. *Makarova*, 201 F.3d at 113; *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

To avoid a motion to dismiss for failure to state a claim, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (a claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Under this standard, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663 (*citing Twombly*, 550 U.S. at 555).

## ARGUMENT

### I.     Differences between the First and Second Amended Complaints

The differences between the First and Second Amended Complaints are minimal, and include no additional substantive allegations whatsoever. The most significant update Downey has made is to add three new bare allegations, made "upon information and belief." These additional allegations include:

3

- "Upon information and belief, at all times relevant herein Adloox has employed at least twenty (20) full time employees and is an 'employer' within the meaning of the ADEA, NYSHRL and NYCHRL" (Doc. 26 at ¶¶ 49, 59, and 68);

- "Upon information and belief, Defendant Adloox's New York location serves as a New York domestic sales office for Adloox France and sells Adloox France products" (*Id.* at ¶ 15); and

- "Upon information and belief, Adloox Inc. was established as a payroll agent for Adloox France" (*Id.* at ¶ 17).

Such "[c]onclusory pleadings on 'information and belief' are inadequate as a matter of law" to survive a motion to dismiss. *Lesavoy v. Lane*, 304 F.Supp.2d 520, 527 (S.D.N.Y. 2004) (*quoting Lovely Peoples Fashion, Inc. v. Magna Fabrics, Inc.,* No. 95 Civ. 8450, 1996 WL 732634, at *5 (S.D.N.Y. Dec.19, 1996) (dismissing complaint with conclusory and unsupported allegations based upon "information and belief")); *see also Rose v. Goldman, Sachs & Co. Inc.*, 163 F.Supp.2d 238, 242 (S.D.N.Y. 2001) (complaint with no specific factual allegations to enable court to evaluate information and belief assertions failed to state a claim for sex discrimination).

Allegations plead "upon information and belief" are sufficient to survive a motion to dismiss only where "accompanied by a statement of the facts upon which the belief is founded." *Prince v. Madison Square Garden*, 427 F.Supp.2d 372, 385 (S.D.N.Y. 2006) (internal citation omitted); *see also Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312 ER, 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (applying requirement to plead facts underlying "information and belief" allegations to ADEA case); *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010) (plaintiff may plead facts alleged upon information and belief "where the belief is based

4

on factual information that makes the inference of culpability plausible"); *Williams v. Calderoni*, No. 11 Civ. 3020(CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) (finding pleadings based upon information and belief insufficient where plaintiff pointed to no information that would render his statements anything more than speculative claims or conclusory assertions). No such statement of facts whatsoever is included in the Second Amended Complaint as to any of the three new allegations outlined above.

Finally, Downey also adds allegations that he was interviewed, hired, and supervised by Adloox France executives. (Doc. 27 at ¶¶ 21-22). As Downey does not contest, however, Adloox US and Adloox France are separate corporate entities, and the same individuals serve as executives for both companies. "It is a well established principle of corporate law that directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership." *Thompson v. Buhrs Americas, Inc.*, No. CIV 07-2746 JNE/JJG, 2009 WL 537633, at *6 (D. Minn. Mar. 3, 2009) (court assumed that decision-maker wore his "subsidiary hat" in making personnel decisions for subsidiary) (citation omitted); *see also Lusk v. Foxmeyer Health Corp.* 129 F.3d 773, 779-81 (5th Cir. 1997) (no parent liability under the ADEA where unsubstantiated that decision makers, who were officers of both the parent and subsidiary corporations, acted on behalf of the parent rather than subsidiary).

Accordingly, the material revisions Downey has made in amending his Complaint for a second time are inadequate to cure the defects from which it has suffered since the inception of this case, and for the reasons discussed below, the Second Amended Complaint is as legally insufficient to withstand Defendant's motion to dismiss as was the First.

**II.      Downey's ADEA claim must be dismissed because Adloox US is not a covered "employer" under that law.**

It is well established that the "burden of proving jurisdictional prerequisites lies on the party who seeks the exercise of jurisdiction in his favor." *Kheel v. Port of New York Auth*., 457 F.2d 46, 48 (2d Cir. 1972), *cert. denied*, 409 U.S. 983 (1972) (*citing McNutt v. General Motors Acceptance Corp*., 298 U.S. 178 (1936)); *Fulani v. Brady*, 809 F.Supp. 1112, 1118 (S.D.N.Y. 1993), *aff'd*, 35 F.3d 49 (2d Cir. 1994). Downey's ADEA claim must be dismissed for lack of subject-matter jurisdiction and/or failure to state a claim because no Defendant or combination thereof qualifies as an "employer" as defined under the statute, which is one of limited applicability. The ADEA applies only to entities that employ 20 or more employees. 29 U.S.C. §630(b) ("Employer" means a person who has twenty or more employees for each working day in each of twenty or more calendar weeks in the preceding or current calendar year). "If a plaintiff cannot establish that the appropriate threshold is met, her claim is substantively inadequate and must be dismissed on the merits." *Feliciano v. 131 Street Block Ass'n, Inc*., 2011 U.S. Dist. LEXIS 4355, *6 (S.D.N.Y. Jan. 13, 2011), *aff'd Feliciano v. 131 Street Block Ass'n*, 2012 U.S. App. LEXIS 5595 (2d Cir. 2012).

In fact, neither Adloox US, Adloox France, nor the two entities combined ever employed 20 people during Downey's employment by Adloox US, and, as noted above, Downey's completely conclusory and unsupported allegation to the contrary is insufficient to withstand a motion to dismiss. *See, e.g., Munoz-Nagel*, 2013 WL 1809772 at *3.

**A. Adloox US and Adloox France did not function as a "single employer" or "integrated enterprise," and thus only employees of Downey's direct employer, Adloox US, may be counted for purposes of meeting the required threshold.**

Although courts in this Circuit have not explicitly ruled on the question of whether or when employees of a parent corporation are aggregated for purposes of the minimum-employee requirement of the ADEA, the Second Circuit has noted that "[t]he ADEA was modeled in large part on Title VII" and thus Title VII case law may be instructive in analyzing the ADEA's minimum-employee requirement. *Morelli v. Cedel*, 141 F.3d 39, 45 (2d Cir. 1998). Under Title VII, "[a] court may aggregate the employees of two entities under certain circumstances when it appears that a plaintiff's direct employer may not meet the []employee threshold minimum requirement." *Ingenito v. Riri USA, Inc.,* No. 11-CV-2569 MKB, 2013 WL 752201, at *5 (E.D.N.Y. Feb. 27, 2013). One such circumstance is when two nominally separate entities actually function as a single employer, as Downey has inaccurately alleged is the case with Adloox US and Adloox France. (Doc. 26 at ¶ 18).

> The "single employer" doctrine, as this test has come to be known, provides as follows: A parent and subsidiary cannot be found to represent a single, integrated enterprise in the absence of evidence of (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.

*Duffy v. Drake Beam Morin*, No. 96 CIV. 5606 (MBM), 1998 WL 252063, at *4 (S.D.N.Y. May 19, 1998); *see also* 29 U.S.C. § 623(h)(3).[2]

Here, in an effort to show that Adloox US and Adloox France are such an integrated enterprise, Downey offers the following entirely conclusory allegations, many "upon information

---

[2] The single employer doctrine is applicable to Downey's NYSHRL and NYCHRL claims as well. *See Arculeo v. On–Site Sales & Mktg., LLC*, 425 F.3d 193, 197–98 (2d Cir. 2005) (applying single employer analysis to discrimination claims under federal, state, and city law); *Fowler v. Scores Holding Co*., 677 F.Supp.2d 673, 680 (S.D.N.Y. 2009) (same); *Barbosa v. Continuum Health Partners, Inc*., 716 F.Supp.2d 210, 217 n.54 (S.D.N.Y. 2010) (same).

and belief," and many of which directly echo the elements of the single employer doctrine listed above:

- "Defendant Adloox's New York location serves as a New York domestic sales office for Adloox France and Sells Adloox France products." (Doc. 26 at ¶ 15).

- "Adloox Inc. was established as a payroll agent for Adloox France." (*Id.* at ¶ 17).

- "Adloox Inc. and Adloox France act as a single entity." (*Id.* at ¶ 18).

- "Adloox France completely controls the business of Adloox Inc." (*Id.* at ¶ 19).

- "the operations of Adloox Inc. and Adloox France are interrelated." (*Id.* at ¶ 20).

- "Adloox France executives traveled to New York to interview and hire Mr. Downey because there is no local U.S. Adloox management." (*Id.* at ¶ 21).

- "Mr. Downey reported directly to supervisors from Adloox France during his employment at Adloox." (*Id.* at ¶ 22).

- "Defendant Adloox Inc. and Defendant Adloox France are managed by the same individuals, in particular Marco Ricci, CEO; Anthony Dufoi, CFO; and Romain Bellion, COO. (*Id.* at ¶ 23).

- "Defendant Adloox Inc. and Defendant Adloox France share a centralized control of labor relations." (*Id.* at ¶ 24).

Downey's allegations of an integrated enterprise are insufficient to state a claim against Adloox France as an employer covered by the relevant statutes. First, under *Twombly* and *Iqbal*, the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 663. Thus, Downey's allegations that Adloox France controls the business of Adloox US and that Defendants "act as a single entity," "are interrelated," and "share a centralized control of labor relations" are unavailing, as they are vague, conclusory recitations of the relevant legal standard and completely unsupported by any more specific allegations or additional factual information whatsoever. Further, as noted, Downey's allegations "upon

information and belief," none of which is accompanied by a statement of the facts on which it is predicated, are insufficient as a matter of law. *See, e.g., Munoz-Nagel*, 2013 WL 1809772 at *3. The dramatic inadequacy of Downey's allegations is unsurprising, because in reality, Adloox France and Adloox US maintain separate bank accounts, financial books and records, customer bases, and employees, contract with separate vendors, and cannot legally act on behalf of one another. Dufoi Decl. at ¶¶ 9-13.

Further, as noted above, the allegations that Adloox US's New York location serves as a "domestic sales office" for Adloox France and that Adloox US and Adloox France share officers are insufficient to plead an integrated enterprise under the single employer doctrine. *See, e.g., Thompson*, 2009 WL 537633 at *5 (fact that employee reported to foreign parent is insufficient to establish foreign parent's liability under the ADEA) and *6 (court assumed that decision-maker wore his "subsidiary hat" in making termination decision and noted, "It is a well established principle of corporate law that directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership") (citation omitted); *Lusk*, 129 F.3d at 779-81 (court held no parent liability under the ADEA where there was no evidence that decision makers, who were officers of both the parent and subsidiary corporations, acted on behalf of the parent rather than subsidiary); *Snyder v. Advest, Inc*., No. 06 CIV.1426 RMB FM, 2008 WL 4571502, at *6-*7 (S.D.N.Y. June 8, 2008) (joint monthly meetings to review strategy, financial performance, sales and distribution results, significant developments, and overall performance, do not indicate that parent corporation was "involved directly" with subsidiary's daily business operations); *see also Chang v. ACI Operations Pty Ltd*., No. Civ. A. 3:03CV2011CFD, 2005 WL 1923153, at *7 (D. Conn. Aug. 10, 2005) ("The complaint merely states that ACI is a wholly owned subsidiary of

9

Owens-Illinois, and Chang has failed to provide any analysis of the four factors set forth in §

623(h)(3). This counsels in favor of dismissal of his ADEA claim").

During Downey's employment, he was the sole employee of Adloox US. Dufoi Decl. at ¶

19. Therefore, Adloox US is not a covered employer under the ADEA and Downey's ADEA

claim is deficient as a matter of law.

### B. Even if Adloox US and Adloox France had functioned as a single employer, the ADEA does not apply to foreign entities unless those entities are "controlled by an American employer."

Section 623(h)(1)(2) of the ADEA makes explicitly clear that the Act "shall not apply

where the employer is a foreign person not controlled by an American employer." 29 U.S.C. §

623(h)(1)(2). In fact, even if Downey had adequately alleged an integrated enterprise under the

single employer doctrine, Adloox France would still not qualify as Downey's employer under the

ADEA. *See, e.g., Haugh v. Schroder Investment Management North America*, No. 02 Civ.

7955(DLC), 2003 WL 21146667, at *1-*2 (S.D.N.Y. May 14, 2003) ("[t]he single employer

doctrine cannot, however, overcome the bar presented by the unambiguous language of Section

623(h)(2). While the single employer doctrine may make Schroders the 'employer' of the

plaintiff, Section 623(h)(2) provides that the ADEA shall not apply where the 'the employer is a

foreign person not controlled by an American employer.'" 29 U.S.C. § 623(h)(2). This

unambiguous statutory language is an insurmountable obstacle to [the ADEA claim against

Schroeders]").[3] Thus, to establish a viable ADEA claim against any alleged "enterprise"

---

[3] *See also Celmer v. Livingston Int'l, Inc.*, No. 12-CV-00539, 2013 WL 951530, at *5 (W.D.N.Y. Mar. 12, 2013) (following *Haugh*); *Denty v. Smithkline Beecham Corp.*, 907 F.Supp. 879, 883 (E.D. Pa. 1995) (ADEA applies "only when (1) the employee is an American citizen and (2) the employer is controlled by an American employer"), *aff'd* 109 F.3d 147 (1997); *Mochelle v. Walter Inc.*, 823 F.Supp. 1302, 1309 (M.D. La. 1993) (foreign defendant not controlled by an American employer is specifically excluded from ADEA liability).

involving Adloox France, Downey must show not just that Defendants were functionally a single employer, but also that they were controlled by Adloox US. Repeatedly in the Second Amended Complaint, however, Downey alleges the opposite, *i.e.* that Adloox France controlled Adloox US. (Doc. 26 at ¶¶ 3, 15, 16, and 19). It is further undisputed that, at the time of Downey's termination from employment with Adloox US, Adloox US was wholly owned by Adloox France. (*Id.* at ¶ 3).

> **C. Regardless, even if all employees of Adloox US and Adloox France were appropriately counted toward the minimum-employee threshold, the companies did not have 20 employees between them during Downey's employment.**

In fact, during Downey's association with Adloox US, the two entities had a combined total of just 16 employees and principals. Dufoi Decl. at ¶¶ 8 and 17. Moreover, at least three of those individuals – Chief Operations Officer Romain Bellion, Chief Financial Officer Anthony Dufoi, and Chief Technology Officer Bruno Galeppe – were partners and shareholders in the two entities. *Id.* at ¶¶ 1, 11, and 17. Partners or shareholders in a small corporation are not considered employees under the ADEA where they share management and control of the business and enjoy the opportunity to share in the business's profits. *See, e.g., Schmidt v. Ottawa Medical Center,* 322 F.3d 461 (7th Cir. 2003) (physician shareholder not an employee under the ADEA); *Hyland v. New Haven Radiology Associates, P.C.,* 794 F.2d 793, 797 (2d Cir. 1986) (individuals properly classified as partners are exempt from the provisions of the ADEA).

Bellion, Dufoi, and Galeppe share management and control of Adloox France and Adloox US. Dufoi Decl. at ¶ 12. They also directly share in the entities' profits and losses. *Id.* at ¶ 17. These individuals were true partners and shareholders and are not to be counted for purposes of the ADEA. *See Fountain v. Metcalf, Zima & Co.,* 925 F.2d 1398, 1400 (11th Cir. 1991) (based on economic realities, member/shareholder of professional corporation not an

employee under the ADEA); *Wright v. Kosciusko Medical Clinic*, 791 F.Supp. 1327 (N.D. Ind. 1992) (five physicians who were shareholders in corporation not counted as employees). Therefore, during Downey's employment, the total number of employees of Adloox US and Adloox France combined was just 13. Even if every officer is counted, however, Defendants would still not have had the requisite 20 employees, with room to spare. Therefore, it is beyond dispute that Defendants do not qualify as "employers" under the ADEA, and thus Downey's ADEA claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and/or Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Downey's formulaic, completely baseless and unsubstantiated allegation to the contrary does not dictate otherwise.

**III.   Downey's NYSHRL and NYCHRL claims must be dismissed because Adloox US is also not a covered "employer" under these laws.**

Further, the NYSHRL and NYCHRL are also statutes of limited applicability, and thus Downey's state and city law claims must also be dismissed for lack of subject-matter jurisdiction and/or failure to state a claim. In order to qualify as an "employer" under the NYSHRL or NYCHRL, a defendant must have at least four employees. N.Y. Exec. Law § 292(5) (excluding "any employer with fewer than four persons in his employ"); N.Y.C. Admin. Code § 8–102[5] ("the term 'employer' does not include any employer with fewer than four persons in his or her employ"). Employees of associated entities may be aggregated under the NYSHRL and NYCHRL, but only where the single employer doctrine applies. *See, e.g., Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 156 (2d Cir. 2014); *Echevarria v. Insight Med., P.C.*, 72 F.Supp.3d 442, 458 (S.D.N.Y. 2014).

As established *supra*, because conclusory allegations, supported by nothing more, are insufficient as a matter of law to meet the pleading standard set out in *Iqbal* and *Twombly*,

Downey has failed to adequately allege that Defendants constitute a single employer, and thus only employees of Adloox US may be counted in determining whether that entity qualified as Downey's employer for purposes of state or city law. Although, as discussed, Downey has added utterly conclusory recitations of the employee-threshold standards found in each applicable law, which are themselves insufficient to state a claim, he does not even attempt to allege that Adloox US specifically employed four employees during his work for the entity, likely because, at the time, he was its only employee. Dufoi Decl. at ¶ 8. Accordingly, Downey's state and city law claims are also appropriately subject to dismissal.

**IV.    Downey's NYSHRL and NYCHRL claims must also be dismissed because the Court lacks subject-matter jurisdiction over these claims.**

Under the NYSHRL and NYCHRL, "absent an allegation that a discriminatory act was committed in New York or that a New York State resident was discriminated against, New York's courts have no subject-matter jurisdiction over the alleged wrong." *Iwankow v. Mobil Corp.*, 150 A.D.2d 272, 273, 541 N.Y.S.2d 428, 429 (1989). "A nonresident plaintiff may invoke the protection of the City and State Human Rights Laws only by proving that the discriminatory act or acts took place within the jurisdiction in question." *Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F.Supp.2d 175, 184 (S.D.N.Y. 2007) (*citing Salvatore v. KLM Royal Dutch Airlines,* No. 98 Civ. 2450(LAP), 1999 WL 796172, at *16 (S.D.N.Y. Sept. 30, 1999) (NYCHRL); *Beckett v. Prudential Ins. Co. of Am.,* 893 F.Supp. 234, 238 (S.D.N.Y.1995) (NYSHRL)). A nonresident plaintiff like Downey may bring claims under the NYSHRL and NYCHRL only where "the New York employer is alleged to have made its employment decisions in a discriminatory manner here." *Rohn Padmore, Inc. v. LC Play Inc.*, 679 F.Supp.2d 454, 465 (S.D.N.Y. 2010) (internal citation omitted).

Therefore, the NYSHRL and the NYCHRL "apply *either* when the initial discriminatory act (for example, a termination) occurs in New York or when the original experience of injury, which occurs at the employee's workplace, is in New York." *Rylott-Rooney v. Alitalia-Linee Aeree Italiane-Societa Per Azioni*, 549 F.Supp.2d 549, 554 (S.D.N.Y. 2008). Downey alleges neither circumstance in the Second Amended Complaint. He does not allege any discriminatory act committed in New York City or State; instead, he alleges that he was terminated via an email sent by Mr. Dufoi from France based on a decision made in that country. (Doc. 26 at ¶ 40). Downey also does not allege that his original experience of injury occurred at the shared, quasi-virtual WeWork office space in New York City, or anywhere else in New York. In fact, as Mr. Dufoi sent the termination email Downey identifies from France at 4:38 a.m. EST on October 30, 2015, Downey's original experience of any alleged injury thus occurred that morning at his home in Connecticut, the location where he also performed the majority of his work for Adloox US. Menken Decl., Exhibit B (termination email); Dufoi Decl. at ¶ 7. Accordingly, even if Adloox US did qualify as an employer under the NYSHRL or NYCHRL, which it does not, neither law provides for subject-matter jurisdiction over Downey's claims.

## V.   Downey's fraudulent inducement and unjust enrichment claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, Downey's common law causes of action are subject to dismissal for failure to state a claim, as outlined below.

### A.  Fraudulent Inducement

To state a claim for fraudulent inducement in New York, a plaintiff must allege: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud[,] (4) reasonable reliance on the part of the plaintiff[,] and (5)

resulting damage to the plaintiff." *Crigger v. Fahnestock & Co.,* Inc., 443 F.3d 230, 234 (2d Cir. 2006) (citation omitted); *see also Lama Holding Co. v. Smith Barney, Inc.,* 88 N.Y.2d 413, 646 N.Y.S.2d 76, 80, 668 N.E.2d 1370 (N.Y. 1996). "In cases alleging fraud, the Plaintiff must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Burton v. Iyogi, Inc*., No. 13-CV-6926 DAB, 2015 WL 4385665, at *6 (S.D.N.Y. Mar. 16, 2015) (*citing* Fed. R. Civ. P. 9(b)).

Nowhere in the Second Amended Complaint does Downey describe the circumstances constituting fraud with particularity. Downey appears to identify Marco Ricci's alleged statement that "Adloox would confirm its offer of employment and enter into an employment agreement with Mr. Downey if he could clear himself of the restrictions pursuant to the non-compete agreement Mr. Downey entered into with his prior employer" as the relevant "material misrepresentation," but he himself admits that Adloox entered into an employment agreement with him on September 7, 2015. (Doc. 26 at ¶¶ 32 and 76). Therefore, Downey has failed to even identify any false statement on which his claim could be predicated, let alone a false statement made with knowledge of its falsity. Accordingly, Downey has failed to state a claim for fraudulent inducement under New York law.

### B. Unjust Enrichment

To state a claim for unjust enrichment in New York, a plaintiff must allege that: "(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff." *Agerbrink v. Model Serv. LLC*, No. 14CIV7841JPOJCF, 2016 WL 93865, at *6 (S.D.N.Y. Jan. 7, 2016) (*citing Clifford R. Gray, Inc. v. LeChase Construction Services, LLC*, 31 A.D.3d 983, 988, 819 N.Y.S.2d 182, 187 (3d Dep't 2006); *Briarpatch Ltd. v. Phoenix Pictures, Inc*., 373 F.3d 296, 306 (2d Cir. 2004).

"[T]he existence of a contract generally bars recovery based on the quasi-contract theory of unjust enrichment. *Agerbrink*, 2016 WL 93865 at *6 (*citing IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142, 879 N.Y.S.2d 355, 361, 907 N.E.2d 268 (2009)).

In order for an unjust enrichment claim to survive a motion to dismiss where a contract governing the subject matter of the claim – in this case, the employment agreement governing the relationship between Downey and Defendants – exists, the plaintiff must plead unjust enrichment in the alternative and allege the contract's invalidity. *Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F.Supp.2d 185, 196 (S.D.N.Y. 2009) (*citing Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 521 N.Y.S.2d 653, 516 N.E.2d 190, 193 (1987)); *see also Adams v. Labaton, Sucharow & Rudoff LLP*, No. 07 CIV. 7017 (DAB), 2009 WL 928143, at *7 (S.D.N.Y. Mar. 20, 2009) (collecting cases). Because Downey does not allege that the employment agreement was invalid, Downey has also failed to state a claim for unjust enrichment under New York law.

## CONCLUSION

Based on the foregoing, Defendant Adloox Inc. respectfully requests that the Court grant its motion to dismiss Downey's Second Amended Complaint in its entirety and with prejudice, along with any such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
     July 25, 2016

By:

Respectfully submitted,

Grace Carilyn Cretcher
Bruce E. Menken
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Floor
New York, New York 10005
Ph: (212) 509-1616
Fax: (212) 509-8088

16