USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/08/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
KEVIN P. DOWNEY, et al., :
:
                            Plaintiffs, :      16-CV-1689 (JMF)
:
          -v- :      MEMORANDUM OPINION
:           AND ORDER
ADLOOX INC., et al., :
:
                            Defendants. :
:
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Now pending in this action, familiarity with which is presumed, is Defendants' motion, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, to preclude the testimony of thirteen witnesses identified by one or both Plaintiffs in this matter. (Docket No. 81 ("Defs.' Mot.")). Significantly, there is no dispute that Plaintiffs violated their discovery obligations under Rule 26(a)(1)(A) and (e)(1)(A) of the Federal Rules of Civil Procedure, as they failed to identify the witnesses at issue as witnesses until January 16, 2018 — a full two months after the deadline for completion of fact discovery. (Defs.' Mot. 1).

      In such situations, Rule 37 provides that the offending party "is not allowed to use" the witness at issue at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Despite the seemingly mandatory language of the Rule, however, preclusion is not in fact mandatory. *See, e.g., Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297-98 (2d Cir. 2006). Instead, a district court has "wide discretion" in deciding whether to impose sanctions and, if it does, what sanctions to impose. *Id.* at 294-98. In determining whether preclusion is warranted, a court must consider four factors: "(1) the party's explanation for the failure to

comply with the [disclosure requirement]; (2) the importance of the [new evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (first alteration in original) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d. Cir. 1997); *accord Design Strategy*, 469 F.3d at 296.

Applying and weighing the *Patterson* factors here, the Court concludes that preclusion of all the witnesses at issue is indeed the appropriate sanction for Plaintiffs' egregious violations. The first factor — the offending parties' explanation for the failure to comply with the disclosure requirement — "cuts heavily against" Plaintiffs, as they do "not even attempt to proffer a legitimate explanation for" their thirteenth hour disclosure of the witnesses at issue, all of whom they have known about (or at least should have known about) since even before they filed their complaint in this action. *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 2880882, at *2 (S.D.N.Y. July 5, 2017) (internal quotation marks omitted). Plaintiffs try to distract from their lack of any legitimate explanation for their delay by noting that the witnesses' names were known to Defendants in one way or another. (Docket No. 86-1 ("Witness Chart")). But that "argument misses the crucial point. [Defendants'] knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if [Plaintiffs] informed [Defendants] that [they] might call the witness in support of its claims or defenses." *Pal v. N.Y. Univ.*, No. 06-CV-5892 (PAC) (FM), 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008). The purpose of that requirement "is to alert an opposing party of the need to take discovery of the named witness." *Id.* Plaintiffs' late disclosure here deprived Defendants of the "fair warning" to which they were entitled. *Id.*

The second *Patterson* factor — the importance of the evidence at issue — also cuts in favor of preclusion. As the Witness Chart submitted by the parties makes clear, the witnesses at issue generally fall in three categories: (1) people who worked for Defendants, as employees or, in at least one case, as an independent contractor; (2) contacts of Plaintiffs who were potential clients of Defendants; and (3) Plaintiffs' intimate partners. The first category of witnesses is the most important of the three, but that importance is limited because none of the witnesses at issue appears to have overlapped with Plaintiffs when working for Defendants. (*See* Witness Chart). The second category has only limited relevance because there is no suggestion that the witnesses shared opinions they may have held of Plaintiffs' work with Defendants. (*See id.*). Moreover, with respect to various issues (for example, to the extent that Plaintiffs propose to call the witnesses in the second category to establish that Defendants made it difficult to seal a deal with new clients), Plaintiffs "can indisputably introduce other evidence — including [their] own testimony and the testimony of other percipient witnesses." *In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 2880882, at *3. And that is true of the third category of witnesses as well — a category, moreover, that has relevance only to the issue of damages.

Finally, the last two factors — the prejudice suffered by the opposing party and the possibility of a continuance — also weigh in favor of preclusion. Discovery in this matter is closed and Defendants' summary judgment motion — "the preparation of which is well under way" (Defs.' Mot. 3) — is due in a matter of weeks. (Docket No. 78). If Plaintiffs were permitted to use testimony from any of the witnesses at issue, "discovery would have to be reopened . . . . This would not only further delay this almost-two-year-old case, but would impose further litigation costs on [Defendants]." *Pal*, 2008 WL 2627614, at *5. To be sure, "a continuance is always a possibility." *Id.* at *6. But Plaintiffs "should not be permitted to upset a

discovery schedule which was extremely liberal and to which [their] adversar[ies] adhered." *Id.* Moreover, many of the events at issue in this case are over two years old, the case has been pending for over twenty-three months, the parties were granted three extensions of the discovery deadline and had ample time to do whatever they needed to do, and fact discovery has been closed for almost three months at this point. (*See* Docket Nos. 1, 51, 56, 78). "All of those facts counsel against the granting of a potentially lengthy continuance." *Simon v. City of N.Y.*, No. 14-CV-8391 (JMF), 2017 WL 57860, at *6 (S.D.N.Y. Jan. 5, 2017).

In sum, all four *Patterson* factors weigh in favor of preclusion here. Thus, although preclusion is admittedly a harsh sanction, *see, e.g., Design Strategy*, 469 F.3d at 297, and a court "must consider less drastic responses" before ordering preclusion, *Outley v. City of N.Y.*, 837 F.2d 587, 591 (2d Cir. 1988), the Court concludes that it is warranted here. *See, e.g.*, *Estate of Jaquez v. Flores*, No. 10-CV-2881 (KBF), 2016 WL 1060841, at *8 (S.D.N.Y. Mar. 17, 2016) (precluding evidence that was first disclosed after the close of discovery because, among other things, the plaintiffs had been "clearly aware that [the relevant] issues would be hotly contested and central to the case, and merely sought to sandbag the defendants at this late hour," noting that the plaintiffs had "proceeded at their peril when they decided not to furnish the required information to defendants during discovery" and "now must live with that tactical choice"); *Quiles v. City of N.Y.*, No. 11-CV-5613 (FM), 2014 WL 1918635, at *5-6 (S.D.N.Y. May 8, 2014) (precluding documents disclosed for the first time shortly before trial where "the records in question relate[d] directly to [a known] issue," witnesses were available to give testimony to "establish those [same] facts," and the opposing party "would be prejudiced by the . . . eleventh-hour disclosure"). Notably, Plaintiffs have no one but themselves to blame for this result. By waiting until two months after the close of fact discovery, Plaintiffs "essentially sandbagged"

4

Defendants. *Pal*, 2008 WL 2627614, at *5. "This is precisely the type of conduct that Rule 37(c)(1) is meant to prevent." *Id.*

Accordingly, the names of the thirteen witnesses at issue are stricken from Plaintiffs' amended disclosures, and those witnesses are precluded from offering any testimony or sworn statements in this matter. *See id.* at *6 (citing cases).

SO ORDERED.

Dated: February 8, 2018
      New York, New York

_____
JESSE M. FURMAN
United States District Judge