**MANDATE**

18-3521-cv
*Downey and Bonner v. Adloox, Inc.*

N.Y.S.D. Case #
16-cv-1689(JMF)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October two thousand nineteen.

PRESENT: JON O. NEWMAN,
DENNY CHIN,
JOSEPH F. BIANCO,
*Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 14 2019

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KEVIN P. DOWNEY, ANDREA BONNER,
    *Plaintiffs-Appellants*,

    -v-                                                                            18-3521-cv

ADLOOX, INC., ADLOOX,
    *Defendants-Appellees*,

ADLOOX LIMITED,
    *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MANDATE ISSUED ON 11/14/2019**

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | RICHARD M. REICE, Michelman & Robinson, LLP, New York, New York. |
| FOR DEFENDANTS-APPELLEES: | MICHAEL E. DeLARCO (David J. Baron, *on the brief*), Hogan Lovells US LLP, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Kevin P. Downey and Andrea Bonner ("Plaintiffs") appeal from a judgment entered October 25, 2018 in favor of defendants-appellees Adloox, Inc. and Adloox (together "Adloox"). By Opinion and Order entered October 23, 2018, the district court granted summary judgment in favor of Adloox, dismissing Plaintiffs' claims under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq*; the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law § 296; and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-107. As to the ADEA and NYSHRL claims, the district court concluded that Plaintiffs did not present evidence from which a reasonable jury could find that Adloox's stated reason for terminating their employment -- their poor job performance -- was pretextual. The district court declined to exercise supplemental

jurisdiction over the NYCHRL claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's decision to grant summary judgment *de novo*, with the view that "[s]ummary judgment may be granted only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quotations and citations omitted). We resolve all ambiguities and draw all factual inferences in favor of the non-moving party. *Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008). Summary judgment should be granted when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted).

The district court correctly analyzed Plaintiffs' ADEA and NYSHRL claims under the *McDonnell Douglas* burden-shifting framework. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, if a plaintiff establishes a *prima facie* case of discrimination, the defendant must articulate a legitimate, non-discriminatory reason for its action. *Id.* If the defendant provides such a reason, "the plaintiff must then come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). "[T]o defeat summary judgment . . . the [employee's] admissible evidence

3

must show circumstances that would be sufficient to permit a rational finder of fact to infer that the [employer's] employment decision was more likely than not based in whole or in part on discrimination." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (per curiam) (internal quotation marks and citations omitted) (second and third brackets in original). In an ADEA case, a plaintiff satisfies that burden by proving, "by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009). Because ADEA claims have been held to be identical to NYSHRL claims, both are analyzed under the same framework. *Gorzynski*, 596 F.3d at 105 n.6.

      Here, the district court assumed that Plaintiffs established a *prima facie* case of age discrimination. It then concluded that Adloox articulated a legitimate, non-discriminatory reason for firing Plaintiffs -- that Plaintiffs were not performing well at their jobs because they were not generating sales or sales leads. Adloox supported this assertion with contemporaneous documentation. Thus, under *McDonnell Douglas*, the burden shifted back to Plaintiffs to present evidence that Adloox's non-discriminatory reasons for firing them were pretextual and that age was the "but-for" cause of their dismissal. The district court concluded that Plaintiffs failed to present sufficient evidence to support such a finding, and it granted Adloox's motion for summary judgment. We agree that Plaintiffs did not offer sufficient evidence to permit a

4

reasonable factfinder to conclude, by a preponderance of the evidence, that Adloox fired Plaintiffs because of their ages. *Id.* at 106.

As the undisputed evidence showed, in September 2015, Adloox's executives hired Downey, then 51 years old. They chose Downey over two younger candidates -- a 38-year old and a 31-year old. The Adloox executives were impressed by Downey's interview and references, and they agreed to pay him more than anyone else at Adloox. Soon, however, the executives who hired Downey -- Marco Ricci, CEO; Antony Dufoi, CFO; and Romain Bellion, COO -- began to express concern that Downey was not scheduling enough meetings with prospective clients. And when Downey did schedule meetings, they did not go well. In October 2015, the Adloox executives set a requirement: Downey had to hold at least three meetings that resulted in clients testing out Adloox's product before an advertising conference scheduled for early November. When Downey failed to meet this requirement, the same executives who hired Downey in September 2015 fired him in late-October 2015. During his tenure, Downey did not generate any revenue for Adloox.

In July 2016, the same Adloox executives hired Bonner, then 53 years old. She was also chosen over two younger candidates -- a 36-year old and a 35-year old. The executives, however, quickly grew concerned that Bonner was not scheduling enough meetings. In October 2016, Bonner agreed that moving forward she would schedule at least five meetings per week, but she struggled to meet this requirement.

5

Bonner recalled only one week where she met the five-meeting requirement, and in her tenure at Adloox she remembered only four "good" meetings. Suppl. App'x 59-61. In roughly four months, Bonner only earned Adloox $10,000 in revenue. Moreover, she did not volunteer to take on tasks in the office, either ignoring or declining Ricci's requests. Bonner was fired in November 2016 by the same executives who hired her.

In contrast to Adloox's contemporary evidence that Downey and Bonner were fired for their poor job performances, Plaintiffs primarily offer stray remarks unrelated to their dismissals to prove they were fired because of their ages. "Stray remarks," even when made by decisionmakers, do not make out a discrimination case. *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998). According to Downey, Ricci called him an "old timer" on two occasions. App'x 190. Both occurred outside the office, and Downey acknowledged that on at least one of these occasions Ricci was speaking in jest and "business was not being discussed." Dkt. No. 92 at 78. The other comment was made when Downey was lighting a cigarette in Times Square. Downey also presented an email in which Dufoi wrote that Adloox was "looking for young sharks" to become junior salespeople. App'x 237-38. Bonner, too, relies on Dufoi's "young sharks" comment. Unlike Downey, however, Bonner was not even working for Adloox when the "young sharks" email was sent, as she was not hired until later. In any event, that comment was unrelated to either Downey's or Bonner's firing -- it was

6

about *hiring* new, junior salespeople.  Plaintiffs have not offered any evidence to link these stray comments to their firings.

Downey also declared, in an April 11, 2018 affidavit, that Dufoi inquired about Downey's age during his interview and that Ricci followed up by saying Downey's age was worrisome.[1]  These comments do not create a genuine issue of fact for trial, as Dufoi hired Downey anyway.  These comments were unrelated to Downey being fired.

Given Adloox's extensive, contemporaneous evidence that Plaintiffs were underperforming at their jobs, the undisputed fact that they were hired and fired by the same executives in a short period of time, *see Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000) (concluding that plaintiff being hired and fired by same person within short timeframe is a "highly relevant factor" that weighs in favor of granting summary judgment for defendant in ADEA case), and the absence of evidence that age was the

---

[1] Downey's affidavit was the first time he mentioned these comments, even though he was "rather insulted" at the time they were made.  App'x 190.  At his deposition on October 24, 2017 -- roughly five months before Downey signed his affidavit attesting to these remarks -- Downey was asked for "all the facts" on which he based his belief that he was discriminated against because of his age.  Dkt. No. 92 at 288.  He was asked, "Anything else?" several times, but he never mentioned the comments allegedly made at his interview.  *Id.* at 289-90.  It was not until after Adloox moved for summary judgment that Downey signed an affidavit attesting to them.  As the district court noted, Downey cannot avoid summary judgment by supplementing his previously taken deposition with new, inconsistent information.  *See Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony."); *Perma Research & Dev. Co. v. Singer Co.*, 410 F. 2d 572, 578 (2d Cir. 1969) (affirming a district court's grant of summary judgment where a plaintiff was repeatedly asked about the basis of his claim and added new facts in his affidavit to oppose the motion for summary judgment).  Nonetheless, these comments, taken as true, were insufficient to warrant a denial of summary judgment.

7

motivating factor, we conclude that no reasonable jury could find that Plaintiffs were discharged because of their age.[2]

We have considered Plaintiffs' remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[2] Plaintiffs argue that the same-actor inference is inapplicable because they contend Adloox only hired them to steal their industry contacts. *See Jetter v. Knothe Corp.*, 324 F.3d 73, 76 (2d Cir. 2003) (explaining that "[t]he same-actor rationale has far less applicability" when employers hire individuals with a goal other than retaining them as employees). They presented no evidence that this happened, however, and the indisputable evidence shows that, indeed, they produced virtually nothing in terms of new contracts.

8